**SOUTHERN MORTGAGE CO., Plaintiff in Error, v. Geo. A. McGREGOR, Defendant in Error.   (No. 851–4576.)**

(Commission of Appeals of Texas, Section A. Oct. 14, 1926.)

Error to Court of Civil Appeals of Eleventh Supreme Judicial District.

J. M. Wagstaff and Davidson & Hickman, all of Abilene, for plaintiff in error.

W. H. Flippen and Jno. T. Gano, both of Dallas, and Harry Tom King, of Abilene, for defendant in error.

NICKELS, J. Judgment of the district court was affirmed by the honorable Court of Civil Appeals with an opinion reported at page 860 of 279 S. W. To that opinion reference is made for a statement of the case.

Writ of error was allowed because upon preliminary examination it appeared that under the terms of paragraph 12 of the contract McGregor may have become absolutely bound to acquire the tract of land described as the site for the hotel. Under the arrangements with the hotel committee, in respect to the commitment mentioned in the opinion of the Court of Civil Appeals, acquisition of that land was a prerequisite; that is to say, the matter had to be so arranged as that the citizens of Corsicana who were to advance $60,000 could be secured by a lien against the land at the time they should become obligated to make the loan. The land was never acquired by McGregor or by the hotel committee for him, and this fact precluded issuance of the commitment. So far as appears, failure to secure title to the lot constitutes the reason for failure to secure the commitment, and, if McGregor was absolutely bound to secure that title, he might be held to be in default.

Examination of the record, however, has convinced us that McGregor's duty to acquire the lot was not absolute, although by paragraph 12 of the contract he was bound, apparently, to furnish abstract showing good title in him.

There are unchallenged findings of fact to the effect that all of the terms and conditions of the agreement between McGregor and the hotel committee, by mutual intent, became a part of the contract between him and Southern Mortgage Company. If so, McGregor was obligated to secure the lot only if it could be purchased for $10,000 or less. It could not be secured for less than $12,500, and the hotel committee declined to supply the excess of cost. The entire scheme laid out in the contract sued upon depended upon use of the Kerr lot as a site for the hotel. Hence it would be unreasonable to assume that the parties intended the stipulation about an abstract to be an obligation upon McGregor to secure the lot at any cost. It results that he was not at fault in failing to secure the commitment, and was within his rights in exercising the reserved power of cancellation.

Accordingly, we recommend affirmance of the judgment of the Court of Civil Appeals.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.